Per Curiam
 

 —The act under which the principal point in dispute arises, is entitled " an act for the relief of insolvent debtors, with respect to the imprisonment of their persons."
 

 The single question before the court is, whether under this act a discharge at the instance of one creditor, shall operate as a discharge, from the demands of all other creditors.
 

 The words of the act are that a notice shall issue “ to the creditor or creditors, at whose suit, such prisoner, or prisoners, are, or shall be confined. Setting forth the substance of the said petition, and summoning them to attend at the next succeeding court, to shew cause if any they have, why the prayer of the said petitioner should not be granted” sec. 3. which being duly served, the court shall proceed to examine the case—sec. 7th. provides that notice to an attorney at law, in case the creditor reside without the state, shall be sufficient.
 

 The first section taken in connection with those
 
 *78
 
 alluded
 
 to,
 
 designates the creditors against whom a discharge shall opperate.
 

 This section enacts, “ that if any person or persons now are, or hereafter shall be taken, or charged on mesne process, or execution for any debt,” upon complying with the requisitions of the act “he shall be immediately set at liberty, and shall stand forever discharged, of all such debts so sued for, and all costs of suit.
 

 Under this act then, it seems clear that the demand of no creditior, is bared, except such as have sued, and have received notice, conformably to the third section—Any other construction would be highly unreasonble—It might be the wish of some creditors to indulge their debtor, supposing from honest industry he might be able to extricate himself—The construction contended for, would subject their interest to the capricious control of perhaps a single ill natured creditor, who might disregard the loss of the greater part of his debt, provided he could gratify his splenetic disposition, in the prosecution of a suit—It is true the bankrupt laws in England, put it in the power of one or two creditors, to take out a commission, and compel all other creditors, to submit to a proportional loss in their debts; but it will be recollected, that there must be a considerable sum due to the petitioning creditor or creditors, so considerable as to exclude the idea of vexation. The interest of a highly commercial state of society such as exists in England, may require such a regulation. It is the law of a country, in which the various interests of society, are made to bend to those of commerce. But in England they have a system of law, that governs cases of insolvency, which in principle, is entirely distinct from that, upon which the laws respecting bankruptcy are founded.—The one emanates from the plainest principles of distributive justice; the other is a political regulation, appropriate to the situation of the country where the system has been adopted.—Neither in England nor in any state in the union, has the law relative to insolvent debtors, been understood to embrace the principles respecting bankruptcy.
 

 The discharge of M’Daniel at the suit of Dun
 
 *79
 
 can, did not discharge him from other creditors who had not instituted suits; or who had not received notice, provided suits had been instituted.—Vide Acts 1811, c. 24.